# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**BRIAN ZIMMER, on behalf of himself and all others similarly situated within the State of Louisiana,**

    **Plaintiff,**

**V.**

**GENERAC POWER SYSTEMS, INC.**

    **Defendant**

**CIVIL ACTION:**

**JUDGE:**

**MAGISTRATE:**

## CLASS ACTION COMPLAINT

Representative Plaintiff Brian Zimmer (hereinafter referred to as "Mr. Zimmer"), for his Complaint against Defendant Generac Power Systems, Inc. (hereinafter referred to as "Generac") alleges the following:

### NATURE OF THE ACTION

1. This is a class action against Defendant Generac for the manufacture and sale of defective Home Standby Generators (hereinafter "Generators") in the State of Louisiana, all of which suffer from a design and/or parts defect.

2. The design and/or parts defect causes the Generator to either not function or abruptly stop functioning shortly after being placed into service. This defect renders the Generator unsuitable for its principal and intended use: home power generation during short and extended period of electrical outage. Upon information and belief, the Generators' defective nature spans across all Home Standby Generators manufactured and sold by Generac, because they are all manufactured by one manufacturer and have essentially the identical electrical, physical, mechanical and functional characteristics, which utilize the

same or similar component parts for each model. Thus, the defect manifests itself equally across all models of Home Standby Generators manufactured and sold by Generac.

3. Representative Plaintiff purchased a Generator in March of 2021, which was installed at his home in Mandeville, Louisiana.

4. Plaintiff lost power due to the adverse weather conditions produced as a result of Hurricane Ida on or about August 29, 2021.

5. Upon losing power, Mr. Zimmer's Generator came into service, but then ceased operating shortly thereafter, leaving his home without electricity. Mr. Zimmer's Generator was inspected by generator technicians shortly after going out of service and after Hurricane Ida had passed, who advised that due to a defective part, the engine was not receiving adequate voltage, and thus, ceased operating.

6. Upon information and belief, Generac is aware of the defective condition of its Home Standby Generators but has not taken adequate steps to remedy the issues caused by the defect.

7. Notably, Generac has not provided notice to class members of the defective and/or faulty condition of its Home Standby Generators. Generac has not offered any form of monetary relief to purchasers.

8. Upon information and belief, even consumers who attempt to have their Generators repaired are facing difficulty due to unavailability of replacement parts.

9. Generac sold the Generators to unsuspecting consumers upon the affirmative misrepresentation and/or material omission that the Generators were fit for their intended purpose; i.e. the ability to simply and seamlessly generate power at home during short and extended periods of electrical outage. None of these customers would have purchased the

Generators had they known of this highly material fact; that the Generators are defective and fail to perform as advertised.

10. With thousands of units sold at approximately $1,900.00 to $15,000.00 or more, Generac has profited enormously from its failure to timely disclose the product defect to purchasers.

11. As a direct result of Generac's actions, Representative Plaintiff and Class Members have suffered injury in fact, have been damaged, and have suffered monetary and property losses for having paid more money than they otherwise would have for a defectively designed Generator.

12. Plaintiff brings his claims against Defendant individually and on behalf of a class of all other similarly situated Louisiana citizens who purchased a defective Generator. These claims are brought pursuant to the laws of Louisiana.

## PARTIES

13. Plaintiff Brian Zimmer is, and at all times herein mentioned was a resident within this district and citizen of the State of Louisiana.

14. Defendant Generac Power Systems, Inc. is a corporation duly organized and existing under and by the virtue of the laws of the State of Wisconsin, with its principal place of business in Waukesha, Wisconsin and transacting the business in the State of Louisiana and within this judicial district.

## JURISDICTION AND VENUE

15. Jurisdiction is proper under 28 U.S.C. § 1332(d), in that the aggregate amount in controversy for all class members exceed $5,000,000.00.

16. Venue is proper in this district under 28 U.S.C. § 1391(a)(1)(2) by virtue of (i) the residence of Plaintiff in this district and (ii) that a substantial part of the events giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings Cause of Action I, II and IIII, Count II, as set forth below, on behalf of themselves and as a class action, pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure on behalf of a class defined as:

    **All persons within the State of Louisiana who purchased a Home Standby Generator from Generac.**

    Excluded from the Class are Generac and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

18. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

19. **Numerosity – Federal Rule of Civil Procedure 23(a)(1)**. The members of the Class are so numerous that their individual joinder herein is impracticable. Upon information and belief, Class members number in the thousands. The precise number of Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from the records of Defendant. Class members may be notified of the pendency of this action by mail, e-mail, internet postings, and/or publication.

20. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**. Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members. Such common questions of law or fact include:

(a) Whether Generac engaged in the conduct alleged herein;

(b) Whether Generac designed, advertised, marketed, distributed, sold, or otherwise placed Generators into the stream of commerce in the United States;

(c) Whether the Generators contain a defect that causes the Generators to fail to properly function;

(d) Whether the Generators can be made to operate as advertised;

(e) Whether Generac knew about the defect and, if so, for how long;

(f) Whether Generac knowingly designed, manufactured, marketed, and distributed the Generators in a defective nature;

(g) Whether Generac's conduct violates La. C.C. Art. 2520;

(h) Whether Plaintiff and Class Members overpaid for their Generators;

(i) Whether Plaintiff and Class Members are entitled to equitable relief, including, but not limited to, rescission of the sale; and

(j) Whether Plaintiff and Class Members are entitled to damages and other monetary relief and, if so, in what amount.

21. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of themselves and the other Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

22. **Typicality – Federal Rule of Civil Procedure 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other Class members because, among other things, all Class members were comparably injured through Defendant's uniform conduct described above.  Further, there are no defenses available to Defendant that are unique to named Plaintiff.

23. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4)**.  Plaintiff is an adequate Class representative because his interest does not conflict with the interests of the other Class members he seeks to represent; they have retained counsel competent and experienced in complex class action litigation; and Plaintiff will prosecute this action vigorously.  The Class' interests will be fairly and adequately protected by Plaintiff and their counsel.

24. **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1)**.  Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy.  Even if separate action could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant.  The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

25. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2)**.  Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

26. **Superiority – Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### CAUSE OF ACTION I: *Redhibition*

27. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff, individually and on behalf of Class Members, submits only Louisiana state law causes of action.

29. Plaintiff, individually, and on behalf of Class Members, specifically pleads redhibition under Louisiana Civil Code Article 2520, *et seq*. At all relevant times, the Generators were defective in failing to provide, among other things, a properly functioning power generating machine as advertised by Generac.

30. The defect in Defendant's Generators existed at the time of purchase by Plaintiff and Class Members.

31. Defendant is the manufacturer of the defective Generators purchased by Plaintiff and Class Members, thus pursuant to La. C.C. art. 2545, Defendant is deemed to have known at the time of sale that the Generators they sold to Plaintiff and Class Members contained a redhibitory defect.

32. Defendant is liable to Plaintiff and Class Members for return of the purchase price of all Generators purchased with interest form the time of purchase, for the reimbursement of all reasonable expenses incurred by Plaintiff and Class Members occasioned by the purchase of the Generators, and reasonable attorneys' fees.

### CAUSE OF ACTION II: *Breach of Express Warranty*

33. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff, individually and on behalf of Class Members, submits only Louisiana state law causes of action.

35. Plaintiff, individually and on behalf of Class Members, in alternative to his redhibition cause of action, specifically pleads Breach of Express Warranty.

36. Defendant provided Plaintiff and Class Members with an express warranty that the Generators were fit for the purpose for which they were sold.

37. Defendant's Generators failed to operate as warranted and therefore Defendant is in breach of its express warranty as to the fitness of the Generators for their intended purpose.

### CAUSE OF ACTION III: *Quanti Minoris*

38. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

39. Plaintiff, individually and on behalf of Class Members, submits only Louisiana state law causes of action.

40. Plaintiff, individually and on behalf of Class Members, in alternative to his redhibition and breach of express warranty causes of action, specifically plead quanti minoris under Louisiana Civil Code Article 2520, *et seq*. in that Plaintiff, individually and on behalf of Class Members, is entitled to a reduction in the purchase price of the sale, for the estimated cost of repairs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class members pray for relief and judgment against Defendant as follows:

1. Preliminary and permanent injunctive relief requiring Generac to immediately halt all manufacturing, marketing and sale of defective Home Standby Generators;
2. For damages according to proof;
3. That Plaintiff and the Class members be awarded damages sufficient to deter and make an example of Defendant;
4. Attorneys' fees expended and incurred in recovery of monetary damages and in other relief for the Plaintiff and Class Members, such sum to be determined at the time of trial or as appropriate;
5. Costs of suit incurred herein;
6. An award of prejudgment and post-judgment interest; and
7. Such other and further relief as deemed and appropriate by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully Submitted:

*/s/ Preston L. Hayes*

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
BARRY W. SARTIN JR. (#34075)
ZACHARY R. SMITH (#37316)
*HMS LAW FIRM*
3850 N. Causeway Blvd., Ste. 590
Metairie, Louisiana 70001
Telephone: (504) 356-0110
Facsimile: (504) 356-0106
*Attorneys for Lead Plaintiff*

-AND-

DAVID W. ARDOIN (#24282)
MATTHEW D. ORY (#31906)
*AMO Trial Lawyers*
114 Laura Drive, Suite D
Thibodaux, Louisiana 70301
Telephone: (985) 446-3333
Facsimile: (985) 446-3300
*Attorneys for Lead Plaintiff*

*Waiver of Service to be requested*